FILED
·U.S. DISTRICT COURT
·DISTRICT OF NEBRASKA

08 JUL 28 PM 3: 07

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ELAINE L. CHAO,                         )
SECRETARY OF LABOR,                     )
UNITED STATES DEPARTMENT OF LABOR,      )
                         Plaintiff,     )    CIVIL ACTION FILE
                                        )    NO. 8:08-cv-150
     v.                                 )
                                        )
ZTA, INC. d/b/a KING KONG               )
   RESTAURANT; 13TH STREET KING         )
   KONG, LLC d/b/a KING KONG            )
   RESTAURANT; N.Z.T. INC.,             )
   d/b/a KING KONG RESTAURANT;          )
   LINCOLN KING KONG, LLC d/b/a         )
   KING KONG RESTAURANT; and            )
   NICK TRIANTAFILLOU,                  )
                         Defendants.    )

## INJUNCTION

Plaintiff having filed her complaint, and Defendants having agreed to the entry of this injunction without contest;

It is, therefore, upon motion of counsel for the Plaintiff, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, in any of the following

8daz1019kpf

manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in commerce or in the production of goods for commerce, or in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516).  Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money,

2

whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act; nor shall Defendants or any one acting on their behalf retaliate against any employee recovering back wages under this Judgment by paying said employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by Defendants for the job titles or duties such employee is performing or will be assigned to perform.  Defendants will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

IT IS FURTHER ORDERED that each party shall bear her, his or its own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated this _28th_ day of _July_____, 2008.

_____
United States District Judge
LAURIE SMITH CAMP

3

Entry of this judgment
is hereby consented to:

Nick Triantafillou, an individual

By /s/ _____
   Nick Triantafillou
   Defendant


ZTA, INC. d/b/a KING KONG RESTAURANT;
13TH STREET KING KONG, LLC d/b/a KING
KONG RESTAURTANT; N.Z.T., INC. d/b/a
KING KONG RESTAURANT; LINCOLN KING KONG,
LLC d/b/a KING KONG RESTAURANT


By _____
   Jerry L. Pigsley
   Attorney

   HARDING & SHULTZ
   800 Lincoln Square
   121 So. 13th Street
   P.O. Box 82028
   Lincoln, NE 68501-2028
   (402) 434-3000
   (402) 434-3030
   jpigsley@hslegalfirm.com

Attorneys for Defendants

APPROVED:

Gregory F. Jacob
Solicitor of Labor
D.C. Bar #474639
VA Bar #45505

Michael A. Stabler
Regional Solicitor
MO Bar #26211

4

_Kim P. Flores_
Kim Prichard Flores
Attorney
Maryland Bar

2300 Main, Suite 1020
Two Pershing Square Building
Kansas City, MO   64108

(816) 285-7265
(816) 285-7287 (fax)
Flores.kim@dol.gov

U.S. Department of Labor

Attorneys for Plaintiff

5